**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTINA GUNTHER on behalf of herself and all others similarly situated,** | |
| **Plaintiff,** | **Civil Action No.** |
| **vs.** | **Class Action** |
| **ACCREDITED COLLECTION AGENCY, INC. and NORMAN G. KALINA, ESQ.** | **Jury Trial Demanded** |
| **Defendants.** | |

**COMPLAINT – CLASS ACTION**

## I. INTRODUCTION

1. This is a consumer class action for damages brought on behalf of Pennsylvania and New Jersey consumers subjected to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Christina Gunther is an adult individual residing at 55 N. 20th Street, Apt. C22, Philadelphia, PA 19104.

5. Defendant Accredited Collection Agency, Inc. (hereafter the "ACA") in the business of collecting debts in this Commonwealth with its principal place of business located at 76 North Maple Avenue, Suite 141, Ridgewood, NJ 07450. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Norman G. Kalina, Esq. ("Kalina") is an attorney engaged in the business of collecting debts in this Commonwealth with his principal place of business located at 76 North Maple Avenue, Suite 141, Ridgewood, NJ 07450. At all times pertinent hereto, Defendant Kalina used the instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## IV. FACTUAL ALLEGATIONS

7. At all pertinent times hereto, Defendant Kalina was ostensibly hired by Defendant ACA to collect a debt relating to consumer loans that were allegedly originally owed to Cash Today.

8. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

9. At all pertinent times hereto, Defendant ACA used the name of Defendant Kalina in the process of collecting or attempting to collect money from the Plaintiff.

10. At all pertinent times hereto, Defendant Kalina purported to be an attorney that was hired by ACA to collect debts relating to consumer debts that are allegedly in default.

11. On or about Sepember 14, 2003, Defendants contacted the Plaintiff in an attempt to coerce payment of the debt. During the conversation, Defendants threatened to garnish Plaintiff's wages.

12. On or about September 29, 2003, Defendant Kalina wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (the "9/29/03 Letter I") which attempted to coerce Plaintiff into paying the alleged debt. Additionally, the 9/29/03 Letter I, *inter alia*, stated the following:

> Please be advised that this office represents the above named client in connection with an outstanding bill in the amount of **$605.00**. Your account was placed with Accredited Collection Agency, and after numerous attempts, this account is still delinquent, which we trust is merely an oversight on your part.

The 9/29/03 Letter I included the following, which was unsigned by Defendant Kalina:

> Yours very truly,
> Norman G. Kalina, Esq.
>
> ______________________________
> **BY: Norman G. Kalina, Esq.**

The 9/29/03 Letter I, *inter alia*, stated the following: "*We are debt collectors. This letter is an attempt to collect a debt, and any information will be used for that purpose.*" A true and correct copy of the 9/29/03 Letter I is attached hereto as Exhibit A and is incorporated herein.

13. On or about September 29, 2003, Defendant Kalina wrote and sent to Plaintiff by U.S. mail a second collection or "dunning" letter (the "9/29/03 Letter II") which attempted to coerce Plaintiff into paying the alleged debt. Additionally, the 9/29/03 Letter II, *inter alia*, stated the following:

> Please be advised that this office represents the above named client in connection with an outstanding bill in the amount of **$235.00**. Your account was placed with Accredited Collection Agency, and after numerous attempts, this account is still delinquent, which we trust is merely an oversight on your part.

The 9/29/03 Letter II included the following, which was unsigned by Defendant Kalina:

> Yours very truly,
> Norman G. Kalina, Esq.
>
> ______________________________
> **BY: Norman G. Kalina, Esq.**

The 9/29/03 Letter II, *inter alia*, stated the following: "*We are debt collectors. This letter is an attempt to collect a debt, and any information will be used for that purpose.*" A true and correct copy of the 9/29/03 Letter II is attached hereto as Exhibit B and is incorporated herein. The 9/29/03 Letter I and the 9/29/03 Letter II hereafter shall be referred to collectively as the "Letters."

14. At all pertinent times, the Letters were the initial communications to Plaintiff from Defendants in connection with the debt described therein. Additionally, Defendant Kalina did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

15. On or about October 7, 2003, an agent, servant and/or employee from the Defendants identifying himself as "Sheldon Brooks" contacted the Plaintiff at her place of employment in an attempt to coerce payment of the debt. During the conversation, Plaintiff informed Mr. Brooks that Defendants were not to call her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment. Mr. Brooks responded by continuing to speak to Plaintiff, stating she was "ignoring the problem," and threatening to garnish her wages. Notwithstanding the above, Mr. Brooks immediately contacted Plaintiff two successive times, stating, on each occasion, to Plaintiff, "Hi this is Sheldon Brooks representing County Bank. I would like to speak to the supervisor of Christina Gunther about garnishing her wages on a debt she owes my client." On each occasion,

Plaintiff told Mr. Brooks that Defendants were not to call her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment. Notwithstanding this, Mr. Brooks immediately contacted Plaintiff at her place of residence for the fourth time, threatening to contact Plaintiff's co-workers announcing himself in the same manner he had during the second phone call. He stated to Plaintiff that such a statement would let her co-workers know that "you don't pay your bills and you owe money." Plaintiff again told Mr. Brooks that he and Defendants were not to contact her at her place of employment because her employer did not permit such calls, and that such calls were inconvenient. Notwithstanding this, Mr. Brooks immediately contacted Plaintiff, for the fifth time, at her place of employment. During the conversation, Mr. Brooks again threatened to contact Plaintiff's co-workers with an announcement similar to the statement made during the above second and third phone calls to Plaintiff. Plaintiff then spoke to Mr. Brooks' supervisor, Jessica Kolby, stating to her that Defendants were not call to her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment.

16. Notwithstanding the above, on or about October 17, 2003, Ms. Kolby contacted Plaintiff at her place of employment in an attempt to coerce payment of the debt.

17. Notwithstanding the above, on or about December 10, 2003, an agent, servant and/or employee from the Defendants identifying herself as "Susan King" contacted the Plaintiff at her place of employment in an attempt to coerce payment of the debt. During the conversation, Plaintiff asked Ms. King if she knew that Plaintiff had repeatedly informed Defendants that Defendants were not to call her at her place of employment, as such calls were inconvenient to her and that her employer did not permit such calls at her place of employment, to this Ms. King replied in the affirmative and continued to speak to the Plaintiff.

18.     The least sophisticated consumer would interpret the communications contained in the Letters as being issued, authorized or approved by an attorney after review of the consumer's account.

19.     At all pertinent times hereto, the Letters were the only communication, written or otherwise, made to Plaintiff by Defendants in connection with the debt described therein. In violation of section 1692g(a) of the FDCPA, the Letters did not advise Plaintiff that she had a right to dispute the validity of the alleged debt and that Defendants would provide verification of the alleged debt if the Plaintiff disputed the validity of the alleged debt and/or requested verification of the debt.

20.     At all pertinent times hereto, Defendant Kalina purported to be a lawyer and/or a law firm that was hired by ACA to collect debts relating to consumer accounts allegedly in default. However, on information and belief, no lawyer(s) participated in reviewing Plaintiff's file or the Letters prior to their dissemination.

21.     Additionally, contrary to the letterhead set forth at the top of the Letters, Defendant Kalina does not maintain a principal office at 76 North Maple Avenue, Suite 141, Ridgewood, NJ 07450. Rather, the address and telephone number reflected on the letterhead and represented as belonging to Defendant Kalina are instead an address and telephone number of Defendant ACA.  Thus, the Letter effectively required the consumer to deal with or seek verification of the alleged debt through Defendant ACA directly instead of Defendant Kalina.

22.     On information and belief, at all pertinent times hereto, Defendants acted in a false, deceptive and unethical manner when they designed, compiled and furnished the Letter knowing that it would be used to create the false belief in consumers that an established law firm

and lawyer were participating in the collection of a debt when in fact no such law firm or lawyer was so participating.

23. At all times pertinent hereto, Defendant ACA was acting by and through Defendant Kalina who was acting within the scope and course of his employment, with the consent of and under the supervision and control of Defendant ACA.

24. Defendant Kalina received a financial benefit from his actions in connection with services rendered to ACA.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, the Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to insure compliance with said law.

28. As a result of the Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. CLASS ACTION ALLEGATIONS

29.	Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons in the Commonwealth of Pennsylvania and the State of New Jersey to whom, during the one year prior to the filing of this Complaint, Defendants sent the Letters or other communications substantially in the form of the Letters in an attempt to collect a non-business debt, which letters were not returned as undeliverable by the Postal Service.

30.	The Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants continually sent out hundreds if not thousands of dunning letters virtually identical to the Letters to consumers throughout the Commonwealth of Pennsylvania and the State of New Jersey. Thus, although the precise number of Class members is known only to the Defendants, Defendants regularly collect or attempt to collect consumer debt in the Commonwealth and the State. Because the collection letters are standard form letters sent to consumers, numerosity may be presumed.

31.	There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. The principal question is whether Defendants violated the FDCPA by mailing the Letters or written communications substantially in the form of the Letters to the consumers during the applicable time period.

32.	Plaintiff's claim is typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

33.	Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling

class actions and claims involving unlawful business practices. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

34. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

35. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

36. Whether a Class member was sent the offending Letters or written communications substantially in the form of the Letters can be determined by ministerial inspection of Defendants' records.

37. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA is up to $1,000. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendants' records.

## VI. CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

38. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

39. Defendants are "debt collectors" as defined by section 1692a(6) of the FDCPA.

40. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

41. The Letters sent to the Plaintiff by Defendants are "communications" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

42. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(9), 1692e(10), 1692e(14), 1692f, 1692g(a) and 1692j as evidenced by the following conduct:

(a) Falsely representing or implying that the Letters were from an attorney;

(b) The use or distribution of any written communication which creates a false impression as to its source, authorization, or approval;

(c) Using any business, company or organization name other than the true name of the debt collector's business, company or organization;

(d) Failing to send Plaintiff all of the required information pursuant to section 1692g(a) of the FDCPA;

(e) Designing, compiling and/or furnishing any form knowing that such form would be used to create the false belief in the least sophisticated consumer that a person other than the creditor of such consumer is participating in the collection of or is attempting to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating; and

(f) Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

43. Defendants additionally violated the FDCPA as to the Plaintiff herself. In addition to the violations set forth above, Defendants violated section 1692c(a)(3), 1692d, 1692d(5), 1692e(4), and 1692e(5) of the FDCPA, by continually harassing Plaintiff by contacting Plaintiff at her place of employment on the same day when the Defendants knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communications, as well continually threatening to garnish Plaintiff's wages.

44. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff and members of the class for statutory damages and attorney's fees and costs, as well as to the Plaintiff herself for actual damages.

## VI.  JURY TRIAL DEMAND

46. Plaintiff demands trial by jury on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

(b) That an order be entered declaring that Defendants' actions as described above are in violation of the FDCPA;

(c) That an order be entered enjoining Defendants from continuing to communicate with Plaintiff and members of the Class in violation of the FDCPA;

(d) That judgment be entered against Defendants for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(e) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

(f) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

(g) That the Court grant such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: ______________________________

JAMES A. FRANCIS, ESQUIRE
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff and the Class

DATE: March 12, 2004